Cynthia Z. Levin, Esq. (SBN 27050)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext. 618
Fax: 866 633-0228
clevin@attorneysforconsumers.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCAVO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ACCOUNT DISCOVERY SYSTEMS, LLC, and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL SCAVO ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone

Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby causing Plaintiff to incur charges for incoming calls and invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a Pennsylvania resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, an New York company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of Pennsylvania and Plaintiff resides within Delaware County in the State of Pennsylvania.

## PARTIES

4.     Plaintiff, MICHAEL SCAVO ("Plaintiff"), is a natural person residing in Delaware County, Pennsylvania and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant") is a debt collection company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

1  Complaint to reflect the true names and capacities of the DOE Defendants when
2  such identities become known.

3      7.      Plaintiff is informed and believes that at all relevant times, each and
4  every Defendant was acting as an agent and/or employee of each of the other
5  Defendants and was acting within the course and scope of said agency and/or
6  employment with the full knowledge and consent of each of the other Defendants.
7  Plaintiff is informed and believes that each of the acts and/or omissions complained
8  of herein was made known to, and ratified by, each of the other Defendants.

9                                 **FACTUAL ALLEGATIONS**

10     8.      Beginning within the last year, Defendant contacted Plaintiff on
11 Plaintiff's cellular telephone number ending in -8055, in an attempt to collect on
12 an alleged debt.

13     9.      Defendant called Plaintiff multiple times in connection with collection
14 on an alleged debt.

15     10.     Defendant left Plaintiff several voice messages with call back
16 numbers, including without limitation, (716) 562-3709.

17     11.     Defendant called and left voice messages on the telephones of third
18 parties, including without limitation, Plaintiff's mother, in connection with
19 collection on the alleged debt from Plaintiff.

20     12.     In many of these voice messages left on Plaintiff's and third party's
21 telephones, there were noticeable three (3) to six (6) second of recorded silence
22 before Defendant began to speak.

23     13.     Defendant used an "automatic telephone dialing system" ("ATDS")
24 as defined by *47 U.S.C. § 227(a)(1)* to place its frequent and incessant collection
25 calls to Plaintiff .

26     14.     Defendant's calls constituted calls that were not for emergency
27 purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

28     15.     Defendant's calls were placed to telephone number assigned to a

cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

16.    During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

17.    Defendant placed multiple collection calls to Plaintiff on his cellular telephone ending in -8055 within the last year.

18.    Plaintiff received numerous collection calls from Defendant within a 12-month period.

19.    Upon information and belief, and based on Plaintiff's experiences recounted herein, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent collection calls in violation of the TCPA.

## CLASS ALLEGATIONS

20.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the proposed classes (hereafter, "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

21.    Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such

1  person had not previously provided their cellular telephone number to Defendant
2  or express consent to be called with an automatic telephone dialing system or
3  artificial or prerecorded voice within the four years prior to the filing of this
4  Complaint.

5      22.   Defendant, its employees and agents are excluded from The Class.
6  Plaintiff does not know the number of members in The Class, but believes the Class
7  members number in the thousands, if not more. Thus, this matter should be
8  certified as a Class Action to assist in the expeditious litigation of the matter.

9      23.   The Class is so numerous that the individual joinder of all of its
10 members is impractical. While the exact number and identities of The Class
11 members are unknown to Plaintiff at this time and can only be ascertained through
12 appropriate discovery, Plaintiff is informed and believes and thereon alleges that
13 The Class includes thousands of members. Plaintiff alleges that The Class
14 members may be ascertained by the records maintained by Defendant.

15     24.   Plaintiff and members of The Class were harmed by the acts of
16 Defendant in at least the following ways: Defendant illegally contacted Plaintiff
17 and Class members via their cellular telephones thereby causing Plaintiff and Class
18 members to incur certain charges or reduced telephone time for which Plaintiff and
19 Class members had previously paid by having to retrieve or administer messages
20 left by Defendant during those illegal calls, and invading the privacy of said
21 Plaintiff and Class members.

22     25.   Common questions of fact and law exist as to all members of The
23 Class which predominate over any questions affecting only individual members of
24 The Class. These common legal and factual questions, which do not vary between
25 Class members, and which may be determined without reference to the individual
26 circumstances of any Class members, include, but are not limited to, the following:
27             a.    Whether, within the four years prior to the filing of this
28                   Complaint, Defendant made any collection call (other than a

1

2

3

4

5

6

7

8

9

call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

10    26.    As a person who received numerous collection calls from Defendant
11 using an automatic telephone dialing system or an artificial or prerecorded voice,
12 without Plaintiff's prior express consent, Plaintiff is asserting claims that are
13 typical of The Class.

14    27.    Plaintiff will fairly and adequately protect the interests of the members
15 of The Class. Plaintiff has retained attorneys experienced in the prosecution of
16 class actions.

17    28.    A class action is superior to other available methods of fair and
18 efficient adjudication of this controversy, since individual litigation of the claims
19 of all Class members is impracticable. Even if every Class member could afford
20 individual litigation, the court system could not. It would be unduly burdensome
21 to the courts in which individual litigation of numerous issues would proceed.
22 Individualized litigation would also present the potential for varying, inconsistent,
23 or contradictory judgments and would magnify the delay and expense to all parties
24 and to the court system resulting from multiple trials of the same complex factual
25 issues. By contrast, the conduct of this action as a class action presents fewer
26 management difficulties, conserves the resources of the parties and of the court
27 system, and protects the rights of each Class member.

28    29.    The prosecution of separate actions by individual Class members

1  would create a risk of adjudications with respect to them that would, as a practical

2  matter, be dispositive of the interests of the other Class members not parties to such

3  adjudications or that would substantially impair or impede the ability of such non-

4  party Class members to protect their interests.

5      30.    Defendant has acted or refused to act in respects generally applicable

6  to The Class, thereby making appropriate final and injunctive relief with regard to

7  the members of the Class as a whole.

8  ## FIRST CAUSE OF ACTION

9  **Negligent Violations of the Telephone Consumer Protection Act**

10  **47 U.S.C. § 227 et seq..**

11      31.    Plaintiff repeats and incorporates by reference into this cause of action

12  the allegations set forth above at Paragraphs 1-30.

13      32.    The foregoing acts and omissions of Defendant constitute numerous

14  and multiple negligent violations of the TCPA, including but not limited to each

15  and every one of the above cited provisions of *47 U.S.C. § 227 et seq..*

16      33.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*

17  *seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory

18  damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

19      34.    Plaintiff and the Class members are also entitled to and seek injunctive

20  relief prohibiting such conduct in the future.

21  ## SECOND CAUSE OF ACTION

22  **Knowing and/or Willful Violations of the Telephone Consumer Protection**

23  **Act**

24  **47 U.S.C. § 227 et seq.**

25      35.    Plaintiff repeats and incorporates by reference into this cause of action

26  the allegations set forth above at Paragraphs 1-30.

27      36.    The foregoing acts and omissions of Defendant constitute numerous

28  and multiple knowing and/or willful violations of the TCPA, including but not

1  limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*
2  *seq.*.

3      37.   As a result of Defendant's knowing and/or willful violations of *47*
4  *U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of
5  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*
6  *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

7      38.   Plaintiff and the Class members are also entitled to and seek injunctive
8  relief prohibiting such conduct in the future.

9  ## PRAYER FOR RELIEF

10  WHEREFORE, Plaintiff requests judgment against Defendant for the following:

11  ## FIRST CAUSE OF ACTION

12  **Negligent Violations of the Telephone Consumer Protection Act**

13  **47 U.S.C. § 227 et seq.**

14      • As a result of Defendant's negligent violations of *47 U.S.C. §227 et*
15        *seq.,* Plaintiff and the Class members are entitled to and request $500
16        in statutory damages, for each and every violation. pursuant to *47*
17        *U.S.C.  227(b)(3)(B)*.

18      • Any and all other relief that the Court deems just and proper.

19  ## SECOND CAUSE OF ACTION

20  **Knowing and/or Willful Violations of the Telephone Consumer Protection**
21  **Act**

22  **47 U.S.C. § 227 et seq.**

23      • As a result of Defendant's willful and/or knowing violations of *47*
24        *U.S.C. §227 et seq.*, Plaintiff and the Class members are entitled to
25        and request treble damages, as provided by statute, up to $1,500, for
26        each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47*
27        *U.S.C. §227(b)(3)(C)*.

28      • Any and all other relief that the Court deems just and proper.

1

## JURY DEMAND

2    39.    Pursuant to the Seventh Amendment to the Constitution of the United

3    States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5

6    Respectfully Submitted this 29th Day of August, 2017.

7                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

8                                    By: _____

9                                            Cynthia Z. Levin, Esq.
                                             Law Offices of Todd M. Friedman, P.C.
10                                           Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cynthia Z. Levin, Esq. (SBN 27050)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext. 618
Fax: 866 633-0228
clevin@attorneysforconsumers.com
**_Attorney for Plaintiff_**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCAVO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ACCOUNT DISCOVERY SYSTEMS, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.   NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2.   WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHAEL SCAVO ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone

Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby causing Plaintiff to incur charges for incoming calls and invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a Pennsylvania resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, an New York company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of Pennsylvania and Plaintiff resides within Delaware County in the State of Pennsylvania.

## PARTIES

4.     Plaintiff, MICHAEL SCAVO ("Plaintiff"), is a natural person residing in Delaware County, Pennsylvania and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Defendant, ACCOUNT DISCOVERY SYSTEMS, LLC ("Defendant") is a debt collection company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

1
2
Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3
4
5
6
7
8
7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

9
## FACTUAL ALLEGATIONS

10
11
12
8.     Beginning within the last year, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -8055, in an attempt to collect on an alleged debt.

13
14
9.     Defendant called Plaintiff multiple times in connection with collection on an alleged debt.

15
16
10.     Defendant left Plaintiff several voice messages with call back numbers, including without limitation, (716) 562-3709.

17
18
19
11.     Defendant called and left voice messages on the telephones of third parties, including without limitation, Plaintiff's mother, in connection with collection on the alleged debt from Plaintiff.

20
21
22
12.     In many of these voice messages left on Plaintiff's and third party's telephones, there were noticeable three (3) to six (6) second of recorded silence before Defendant began to speak.

23
24
25
13.     Defendant used an "automatic telephone dialing system" ("ATDS") as defined by *47 U.S.C. § 227(a)(1)* to place its frequent and incessant collection calls to Plaintiff .

26
27
14.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

28
15.     Defendant's calls were placed to telephone number assigned to a

1  cellular telephone service for which Plaintiff incurs a charge for incoming calls
2  pursuant to *47 U.S.C. § 227(b)(1)*.

3      16.    During all relevant times, Defendant did not possess Plaintiff's "prior
4  express consent" to receive calls using an automatic telephone dialing system or an
5  artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. §*
6  *227(b)(1)(A)*.

7      17.    Defendant placed multiple collection calls to Plaintiff on his cellular
8  telephone ending in -8055 within the last year.

9      18.    Plaintiff received numerous collection calls from Defendant within a
10  12-month period.

11      19.    Upon information and belief, and based on Plaintiff's experiences
12  recounted herein, and at all relevant times, Defendant failed to establish and
13  implement reasonable practices and procedures to effectively prevent collection
14  calls in violation of the TCPA.

15                          **CLASS ALLEGATIONS**

16      20.    Plaintiff brings this action individually and on behalf of all others
17  similarly situated, as a member the proposed classes (hereafter, "The Class")
18  defined as follows:

19
20          All persons within the United States who received any
            collection telephone calls from Defendant to said
21          person's cellular telephone made through the use of any
22          automatic telephone dialing system or an artificial or
            prerecorded voice and such person had not previously
23          consented to receiving such calls within the four years
24          prior to the filing of this Complaint

25      21.    Plaintiff represents, and is a member of, The Class, consisting of all
26  persons within the United States who received any collection telephone calls from
27  Defendant to said person's cellular telephone made through the use of any
28  automatic telephone dialing system or an artificial or prerecorded voice and such

1  person had not previously provided their cellular telephone number to Defendant
2  or express consent to be called with an automatic telephone dialing system or
3  artificial or prerecorded voice within the four years prior to the filing of this
4  Complaint.

5      22.   Defendant, its employees and agents are excluded from The Class.
6  Plaintiff does not know the number of members in The Class, but believes the Class
7  members number in the thousands, if not more. Thus, this matter should be
8  certified as a Class Action to assist in the expeditious litigation of the matter.

9      23.   The Class is so numerous that the individual joinder of all of its
10 members is impractical. While the exact number and identities of The Class
11 members are unknown to Plaintiff at this time and can only be ascertained through
12 appropriate discovery, Plaintiff is informed and believes and thereon alleges that
13 The Class includes thousands of members. Plaintiff alleges that The Class
14 members may be ascertained by the records maintained by Defendant.

15     24.   Plaintiff and members of The Class were harmed by the acts of
16 Defendant in at least the following ways: Defendant illegally contacted Plaintiff
17 and Class members via their cellular telephones thereby causing Plaintiff and Class
18 members to incur certain charges or reduced telephone time for which Plaintiff and
19 Class members had previously paid by having to retrieve or administer messages
20 left by Defendant during those illegal calls, and invading the privacy of said
21 Plaintiff and Class members.

22     25.   Common questions of fact and law exist as to all members of The
23 Class which predominate over any questions affecting only individual members of
24 The Class. These common legal and factual questions, which do not vary between
25 Class members, and which may be determined without reference to the individual
26 circumstances of any Class members, include, but are not limited to, the following:

27             a.   Whether, within the four years prior to the filing of this
28                  Complaint, Defendant made any collection call (other than a

---

**CLASS ACTION COMPLAINT**

-5-

1
2
3
4
5

call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

6
7

   b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

8
9

   c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

10
11
12
13

26.    As a person who received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

14
15
16

27.    Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

17
18
19
20
21
22
23
24
25
26
27

28.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28

29.    The prosecution of separate actions by individual Class members

1  would create a risk of adjudications with respect to them that would, as a practical
2  matter, be dispositive of the interests of the other Class members not parties to such
3  adjudications or that would substantially impair or impede the ability of such non-
4  party Class members to protect their interests.

5      30.    Defendant has acted or refused to act in respects generally applicable
6  to The Class, thereby making appropriate final and injunctive relief with regard to
7  the members of the Class as a whole.

8  ## FIRST CAUSE OF ACTION

9  **Negligent Violations of the Telephone Consumer Protection Act**

10  **47 U.S.C. § 227 et seq..**

11     31.    Plaintiff repeats and incorporates by reference into this cause of action
12  the allegations set forth above at Paragraphs 1-30.

13     32.    The foregoing acts and omissions of Defendant constitute numerous
14  and multiple negligent violations of the TCPA, including but not limited to each
15  and every one of the above cited provisions of *47 U.S.C. § 227 et seq..*

16     33.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*
17  *seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory
18  damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

19     34.    Plaintiff and the Class members are also entitled to and seek injunctive
20  relief prohibiting such conduct in the future.

21  ## SECOND CAUSE OF ACTION

22  **Knowing and/or Willful Violations of the Telephone Consumer Protection**

23  **Act**

24  **47 U.S.C. § 227 et seq.**

25     35.    Plaintiff repeats and incorporates by reference into this cause of action
26  the allegations set forth above at Paragraphs 1-30.

27     36.    The foregoing acts and omissions of Defendant constitute numerous
28  and multiple knowing and/or willful violations of the TCPA, including but not

1  limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*
2  *seq.*.

3    37.   As a result of Defendant's knowing and/or willful violations of *47*
4  *U.S.C. § 227 et seq.*, Plaintiff  and the Class  members are entitled an award of
5  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.*
6  *§ 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

7    38.   Plaintiff and the Class members are also entitled to and seek injunctive
8  relief prohibiting such conduct in the future.

9              **PRAYER FOR RELIEF**
10  WHEREFORE, Plaintiff requests judgment against Defendant for the following:
11            **FIRST CAUSE OF ACTION**
12  **Negligent Violations of the Telephone Consumer Protection Act**
13              **47 U.S.C. § 227 et seq.**
14    • As a result of Defendant's negligent violations of *47 U.S.C. §227 et*
15      *seq.,* Plaintiff and the Class members are entitled to and request $500
16      in statutory damages, for each and every violation, pursuant to *47*
17      *U.S.C.  227(b)(3)(B)*.
18    • Any and all other relief that the Court deems just and proper.
19            **SECOND CAUSE OF ACTION**
20  **Knowing and/or Willful Violations of the Telephone Consumer Protection**
21              **Act**
22              **47 U.S.C. § 227 et seq.**
23    • As a result of Defendant's willful and/or knowing violations of *47*
24      *U.S.C. §227 et seq.*, Plaintiff and the Class members are entitled to
25      and request treble damages, as provided by statute, up to $1,500, for
26      each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47*
27      *U.S.C. §227(b)(3)(C)*.
28    • Any and all other relief that the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY DEMAND**

39.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully Submitted this 29th Day of August, 2017.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    _____
Cynthia Z. Levin, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff